**KOLLER LAW LLC**
David M. Koller, Esquire (037082002)   *Attorney for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL TEEL | : | |
| 2845 Sussex Road | : | Civil Action No. |
| Trevose, PA 19053 | : | |
|     Plaintiff, | : | |
|             v. | : | |
| | : | **COMPLAINT AND JURY** |
| ENERGY TRANSFER PARTNERS, L.P. | : | **DEMAND** |
| d/b/a SUNOCO, INC. | : | |
| 58 N. 7 New Jersey Turnpike | : | |
| Hamilton Township, NJ 08691 | : | |
| | : | |
| 8111 Westchester Drive | : | |
| Dallas, TX 75225 | : | |
|     Defendant. | : | |
| | : | |

### CIVIL ACTION

Plaintiff Michael Teel, by and through his attorney, brings this civil matter against Defendant Energy Transfer Partners, L.P. d/b/a Sunoco, Inc. alleging he was subject to unlawful violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

### THE PARTIES

1. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

2. Plaintiff is an adult domiciled at the above captioned address.

1

3. Defendant Energy Transfer Partners, L.P. d/b/a Sunoco, Inc., (hereinafter "Defendant") is a petroleum and petrochemical manufacturer with a location at 58 N 7 New Jersey Turnpike, Hamilton Township, NJ 08691 and with a corporate headquarters located at 8111 Westchester Drive, Dallas, TX 75225.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The foregoing paragraphs are incorporated by reference herein as if the same were set forth at length.

12. Plaintiff exhausted his administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

13. On or around June 6, 2017, Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 524-2017-00843 and was duly filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated November 15, 2017. Plaintiff received the notice by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. On February 11, 2014, Defendant hired Plaintiff as a Gas Attendant.

21. Plaintiff was well qualified for his position and performed well.

22. In or around August 2015, Brett Sickler (Caucasian), employee for Man of Steel Rebar, began to come to Defendant's location as a customer and harass Plaintiff due to his race.

23. Mr. Sickler came to Defendant's location once or twice per week and called Plaintiff "nigger" and "monkey."

24. Mr. Sickler also stated that African-Americans were "no good" and made other racially discriminatory comments while Plaintiff worked.

25. In or around September 2015, Plaintiff verbally complained to James O'Rourke (Caucasian), General Manager, about Mr. Sickler's discriminatory harassment.

26. However, Mr. O'Rourke did not take any action.

27. Plaintiff continued to report Mr. Sickler's discriminatory comments every time they occurred to Mr. O'Rourke but, no action was taken to address Mr. Sickler's harassment.

28. In November 2016, Plaintiff was brought into a meeting with Jeffrey Mongon (Caucasian), Shift Manager, and Alyssa Lorenzo (Caucasian), Bookkeeper.

29. Mr. Mongon stated to Plaintiff that if he complained to Defendant's corporate Human Resource Department about Mr. Sickler's discriminatory comments "things would go bad for you."

30. Plaintiff took this as a threat to his job and did not complain to Defendant's corporate Human

4

Resource Department.

31. In January 2017, Plaintiff again complained to Mr. O'Rourke about Mr. Sickler's comments and was told by Mr. O'Rourke, "It will blow over."

32. In February 2017, after Plaintiff complained to Mr. O'Rourke about Mr. Sickler, Mr. O'Rourke met with Mr. Sickler alone in the parking lot.

33. Mr. O'Rourke gave Mr. Sickler a phone number for Mr. Sickler to call Mr. O'Rourke.

34. Plaintiff asked Mr. O'Rourke why he did that and Mr. O'Rourke did not provide him with a reason for doing this.

35. On February 24, 2017, Mr. O'Rourke called Plaintiff while he was home and terminated him.

36. Mr. O'Rourke stated that Plaintiff was allegedly sleeping at work. Plaintiff was not asleep at work.

37. When Plaintiff asked Mr. O'Rourke if he had notified Dale Groff, Supervisor – Area Operations, of Plaintiff's complaints regarding Mr. Sickler, Mr. O'Rourke hung up on him.

38. Defendant did not provide Plaintiff with a termination letter.

## COUNT I - RACE DISCRIMINATION
## **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

39. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

40. Plaintiff is a member of protected classes in that he is African-American.

41. Plaintiff was qualified to perform the job for which he was hired.

42. Plaintiff suffered adverse job actions, including, but not limited to termination.

43. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

44. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

45. Defendant discriminated against Plaintiff on the basis of race.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

47. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

48. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

49. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African-American).

50. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

51. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

52. Plaintiff engaged in activity protected by Title VII.

53. Plaintiff complained of discrimination internally by reporting the same to his supervisor.

54. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

55. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RETALIATION
### NEW JERSEY LAW AGAINST DISCRIMINATION

56. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

57. Plaintiff engaged in activity protected by the NJLAD when she complained of discrimination internally by reporting the same to his supervisor.

58. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

59. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Teel, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b)  Compensatory damages;

(c)  Punitive damages;

(d)  Liquidated damages;

(e)  Emotional pain and suffering;

(f)  Reasonable attorneys' fees;

(g)  Recoverable costs;

(h)  Pre and post judgment interest;

(i)  An allowance to compensate for negative tax consequences;

(j)  A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of TITLE VII and the NJLAD.

(k)  Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

|  |  |  |
|---|---|---|
|  |  | RESPECTFULLY SUBMITTED, |
|  |  | **KOLLER LAW LLC** |
| Date: February 16, 2018 | By: | /s/ David M. Koller |
|  |  | David M. Koller, Esquire – 037082002 |
|  |  | 2043 Locust Street, Suite 1B |
|  |  | Philadelphia, PA 19103 |
|  |  | T: (215)-545-8917 |
|  |  | F: (215)-575-0826 |
|  |  | davidk@kollerlawfirm.com |

*Counsel for Plaintiff*